**Order entered October 8, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00732-CV

## ALBERT G. HILL, III, Appellant

## V.

## ALBERT G. HILL, JR., Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-04523**

## ORDER

Before the Court is appellant and relator Albert G. Hill, III's September 29, 2014 motion for additional temporary relief, the receiver's response, and Hill III's reply. Hill III asks us to stay a hearing on the receiver's September 26, 2014 application for fees and expenses for work performed after March 17, 2014 and all further hearings on fee applications. The receiver contends the motion is not ripe because the trial court has yet to rule on the application for fees, but that if a stay is granted, the Court should require Hill III to post a bond to protect the receiver as a party who will be affected by the temporary relief. *See* TEX. R. APP. P. 52.10(b) ("As a condition of granting temporary relief, the court may require a bond to protect the parties who will be affected by the relief."). Hill III responds that there is no authority for this Court to require a bond for fees and costs not yet adjudicated and that we should stay the trial court's

hearing on the fee application in order to preserve the status quo pending the outcome of the appeal.

The Court **GRANTS** the motion for additional temporary relief and **ORDERS** the hearing on the receiver's September 26, 2014 application for payment of fees and expenses and any hearings on further fee applications by the receiver stayed pending the disposition of this appeal and the consolidated petition for writ of mandamus. We **DENY** the receiver's request for an additional bond. The bond required by our order of April 3, 2014 in this appeal remains in place.

/s/    ROBERT M. FILLMORE
PRESIDING JUSTICE